**Frederick HOLBROOK, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 20S00–8704–CR–412.**

Supreme Court of Indiana.

July 18, 1990.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery While Armed With a Deadly Weapon, a Class B felony, and Confinement While Armed With a Deadly Weapon, a Class B felony. He received enhanced sentences of twenty (20) years on each conviction. The jury also found appellant to be a habitual offender and the trial judge enhanced each sentence thirty (30) years by reason of the habitual offender status but ordered that they run concurrently for a total sentence of fifty (50) years.

Under the authority of *Starks v. State* (1988), Ind., 523 N.E.2d 735 (Givan and Pivarnik, JJ., dissenting), the trial judge committed a technical error when he enhanced both sentences by reason of the habitual offender standing. However, in *Starks*, the majority cited *Kelly v. State* (1983), Ind., 452 N.E.2d 907 and pointed out that in *Kelly* the sentences were to run concurrently and not consecutively as in *Starks*. Inasmuch as we are affirming both convictions in this case and the trial judge ordered the sentences to run concurrently, we see no utility in remanding this cause to the trial court for resentencing to apply the thirty (30) year enhancement to only one of the convictions.

Appellant claims the evidence is insufficient to support his convictions for robbery and criminal confinement. He takes the position that the evidence identifying him and his getaway vehicle was not sufficient in that the description given by each of the several witnesses differed greatly as to his size, weight, and type of clothing worn. These conflicts in the identification evidence were placed before the jury for their consideration and resolution. It would be improper for this Court to invade the province of the jury in that regard. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349.

Appellant also contends the identification of his automobile was not sufficient in that the witnesses were not sure of the make of the automobile, although they all agreed as to its color, and they also were not sure as to the license plate number. The witnesses were unable to identify the state where the car was registered. However, they were in agreement that the license plate was white with green letters. The witness who was closest to the automobile as it left the scene testified that she told the police the plate number was 314LLP. However, she was not sure the letters were LL, they could have been II. Other witnesses thought that the number possibly was 314IIP.

Police investigation disclosed in fact, Ohio had white plates with green letters and that a silver Pontiac Firebird was registered there to appellant with the license plate number 314LLP. Some of the witnesses thought the automobile was either a Camaro or a Firebird. They all agreed it was silver and the speculation as to the make was sufficient for the jury to determine that it was appellant's automobile. Here again, the differences in opinion of the witnesses concerning the automobile were placed before the jury and were for their consideration in determining the facts. *Id.*

The evidence in this record is sufficient to support both convictions. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.