ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

William Byer, Jr. Pamela Carter

BYER & BYER Attorney General of Indiana

Anderson, Indiana 

Cynthia L. Ploughe

Deputy Attorney General

Indianapolis, Indiana

In The

INDIANA SUPREME COURT

KIERA R. CARTER, ) 

Defendant-Appellant, )

)

v. ) 48S00-9703-CR-167

)

STATE OF INDIANA, )

Plaintiff-Appellee. )

                          ________________________________________________  

APPEAL FROM THE MADISON SUPERIOR COURT

The Honorable Thomas Newman, Jr.

Cause No. 48D03-9403-CF-068

_________________________________________________

On Direct Appeal

DICKSON, J.

In this direct appeal, the defendant-appellant, Kiera Carter, challenges her convictions for attempted murder, a class A felony,
(footnote: 1) and robbery, a class A felony.
(footnote: 2) 

On March 14, 1994, Dana Cortrecht was taking stock in the back of a United Gas Station, where he was an assistant manager.  The defendant entered the station with a gun, pointed it in Cortrecht’s face, and demanded that he give her all the money.  Cortrecht complied and gave her fifty dollars in cash.  As he was handing her his coin changer, she shot him, at point blank range, just under the left eye.  While he was falling backwards, she shot him two more times--in the right side of his face and in the mouth--and left the station.

The jury convicted the defendant of attempted murder, a class A felony, and robbery, a class A felony.  Additionally, the jury found her to be a habitual offender.  The trial court sentenced her to forty-five years for attempted murder, forty-five years for robbery (to run concurrently), and enhanced the sentence by thirty years due to her habitual offender status.  The defendant contends that the trial court committed reversible error by:  (1) failing to grant a mistrial in response to the prosecutor’s misconduct;  (2) admitting hearsay testimony;  (3) failing to dismiss the robbery count on double jeopardy grounds; and  (4) failing to discharge the defendant under the speedy trial rule.  We affirm.

1.     Prosecutorial Misconduct

The defendant argues that the trial court erroneously denied her motion for mistrial based upon prosecutorial misconduct.  In situations involving alleged prosecutorial  misconduct, the trial court is usually in the best position to evaluate the circumstances and their impact on the jury.  
Bradley v. State
, 649 N.E.2d 100, 107 (Ind. 1995).  On appeal, a trial court’s ruling on a mistrial is reviewed for abuse of discretion.  
Id.
  A mistrial is an extreme remedy invoked only when no other measure can rectify the situation.  
Id.
  Because the motion for mistrial was based upon the prosecutor’s allegedly improper questioning regarding the prior bad acts of the defendant, we must evaluate:  (1) whether the prosecutor engaged in misconduct;  and (2) whether that misconduct, under the circumstances, placed the defendant in a position of “grave peril” to which she should not have been subjected.  
Kent v. State
, 675 N.E.2d 332, 335 (Ind. 1996).

Prior to trial, the trial court granted the defendant’s motion in limine to prohibit the State from any mention, reference, or interrogation “concerning and/or any attempt to convey to the jury in any manner, either directly or indirectly . . . [e]vidence of any offenses for which said Defendant has been convicted . . . unless and until the Court has determined the admissibility thereof outside the presence of the jury.”  Record at 155.  At the beginning of the State’s cross-examination of the defendant, the prosecutor, aware of the defendant’s prior conviction for armed robbery and without seeking a decision as to admissibility, asked the defendant whether she had “some practice at sticking guns in peoples’ faces and demanding money.”  Record at 1079.  The defendant immediately objected and did not answer the question.  The State concedes that the prosecutor’s question was improper, but argues that the misconduct was harmless error.

In determining whether this misconduct placed the defendant in a position of “grave peril” to which she should not have been subjected, we evaluate the probable persuasive effect of the misconduct on the jury’s decision, not on the degree of impropriety of the conduct.  
Kent
, 675 N.E.2d at 335.
  Here, the trial court admonished the jury, instructing them that they “shall disregard the last question that was asked by [the State] before the recess and that question shall not in any way be determinative of any decision that you make in this case.”  Record at 1100.  A prompt admonishment to the jury to disregard the improper testimony is usually enough to avoid a mistrial.  
Kent
, 675 N.E.2d at 335.  However, citing 
Hardin v. State
, 611 N.E.2d 123 (Ind. 1993), 
White v. State
, 257 Ind. 64, 272 N.E.2d 312 (1971), and 
Bonner v. State
, 650 N.E.2d 1139 (Ind. 1995), the defendant contends that the nature and scope of the prosecutor’s improper question had a substantial likelihood of contributing to the robbery conviction.  We disagree.

The limited nature of the question, the absence of any type of answer, and the admonition by the court combined with the substantial evidence properly admitted against the defendant demonstrate that she was not placed in a position of grave peril.
  Although the cross-examination question was concededly improper, the defense had already introduced the prior conviction into evidence during direct examination of the defendant, the State asked the improper question just one time, the defendant did not respond to it, the trial court admonished the jury to disregard it, and the State never again referred to the prior conviction.  

Any adverse effect was substantially outweighed by other incriminating evidence.  At the hospital the day after the shooting, the victim described his assailant as a black female, about five foot, seven inches tall, in her thirties, wearing a one-piece, tan “Carhart” coverall.  Testimony was introduced showing that, not only did the defendant frequently dress in Carhart coveralls, but that she was seen dressed in a tan Carhart coverall thirty minutes after the robbery.  When she was arrested the night of the shooting, she was still wearing a one-piece, tan coverall.  Furthermore, the victim testified that he recognized his assailant because she had been in the store before and because he knew her father, a fact confirmed by the defendant during her testimony.  The day after the shooting, the victim was shown a photo lineup at the hospital containing six people who looked similar to the defendant.  Record at 835.  With no hesitation, he immediately identified the defendant as his assailant.  He also identified the defendant in court and stated that he was sure it was her because, “You don’t forget things like that when somebody shoots you in the face three times.  It’s one of those things you can’t forget.”  Record at 804.  The defendant was not placed in a position of grave peril.

In addition, citing 
Maldonado v. State
, 265 Ind. 492, 355 N.E.2d 843 (1976), the defendant claims that the question warranted a mistrial because it was “a deliberate attempt on the part of the prosecutor.”  Brief of Appellant at 11.  In 
Maldonado
 we held that “[e]ven if an isolated instance of misconduct does not establish grave peril, if repeated instances evidence a deliberate attempt to improperly prejudice the defendant, a reversal may result.”  
Id.
 at 499, 355 N.E.2d at 848.  In the case at bar, there was no 
repeated
 misconduct.  Furthermore, this was not a deliberate attempt to improperly prejudice the defendant because the State believed the prior robbery incident evidence was admissible under Indiana Evidence Rule 404(b) as evidence of a signature crime.  We decline to find that the State deliberately attempted to improperly prejudice the jury.  
See
 
Kent
, 675 N.E.2d at 337.

The trial court did not abuse its discretion by denying the defendant’s request for a mistrial.

2.   Hearsay

The defendant contends that the trial court committed reversible error by allowing an Anderson police officer to testify about the victim’s statements to him at the emergency room in the hospital immediately after the attack.  Responding to the defendant’s objection, the State argued that this was admissible as an excited utterance.  We agree.

Notwithstanding its nature as hearsay, a statement is admissible if “relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.”  Ind.Evidence Rule 803(2).  In 
Yamobi v. State
, 672 N.E.2d 1344 (Ind. 1996), involving almost identical facts as the case at bar, we held that a victim’s statements, made almost an hour after he had been shot, were admissible as excited utterances under Rule 803(2) because the statements were unrehearsed and made while still under the stress of excitement from the startling event.  The victim’s emergency room statements were likewise admissible here.

Citing 
Modisett v. State
, 578 N.E.2d 649, 652 (Ind. 1991), the defendant argues that they were inadmissible even as excited utterances because the victim testified that he did not remember making the statements
.  We disagree for the reasons expressed in 
State Street Duffy's, Inc. v. Loyd
, 623 N.E.2d 1099 (Ind.Ct.App. 1993) (a decision not cited or discussed by either party on appeal) which thoroughly addressed this issue and decided it adversely to the defendant.  The Court of Appeals correctly held, “The 
Modisett
 decision . . . [does] not affect the established exception for an excited utterance found in Rule 803(2).
”  
Id.
 at 1103.  We find no error on this issue.

3.   Double Jeopardy

The defendant claims that her convictions for attempted murder, a class A felony, and robbery, as a class A felony, violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  The defendant cites 
Tawney v. State
, 439 N.E.2d 582 (Ind. 1982) as dispositive.  In 
Tawney
, this Court--applying the federal constitutional double jeopardy test found in 
Blockburger v. United States
, 284 U.S. 299, 52 S.Ct. 180, 75 L.Ed. 306 (1932)--
stated:

We agree with defendant that under 
Elmore v. State
, (1978) 269 Ind. 532, 382 N.E.2d 893, his sentence upon the battery charge should be vacated, notwithstanding that it would run concurrently with the sentence upon the robbery charge, inasmuch as the judgment made no provision for consecutive sentences.  

“* * * The so called 
Blockburger
 [] test was recently reaffirmed and further developed in 
Brown v. Ohio
, (1977) 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194.  In holding that under the 
Blockburger
 test a lesser included offense is the same as the greater offense, the 
Brown
 court stated: ‘This test emphasizes the elements of the two crimes.  “If each requires proof that the other does not, the 
Blockburger
 test would be satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes * * * ”’” (citation omitted) 269 Ind. 532, 534-35, 382 N.E.2d 893, 895.

In applying the test, however, we must look to the manner in which the offenses are charged and not merely to the statutory definitions of the offenses, as we do in determining the entitlement to an instruction on necessarily included offenses;  
Lawrence v. State
, (1978) 268 Ind. 330, 375 N.E.2d 208.

Id.
 587-88.

While we acknowledge that 
Tawney
 looked to the manner in which the offenses were charged, it is clear from the text that the 
Tawney
 court attributed this analysis to the test found in 
Blockburger
.  Recently 
we held that this was not an accurate statement of the law under 
Blockburger
.  
See
 
Games v. State
, 684 N.E.2d 466, 474 (Ind. 1997) and 
Grinstead v. State
, 684 N.E.2d 482, 486 (Ind. 1997) (finding that this Court’s previous interpretation of the federal Double Jeopardy Clause--which looked beyond the statutory elements, adding the requirement that a reviewing court look to the offenses as charged or to the jury instructions outlining the elements of the crimes--did not comport with federal jurisprudence)
.  
Further, as seen above, 
Tawney
 did not attribute this additional requirement to an independent state double jeopardy protection found in Arti
cle 1, Section 14 of the Indiana Constitution
 and, as we recently noted in 
Games
, 
“we find [no authority] from this Court, establishing an independent state double jeopardy protection based upon an analysis of the Indiana Constitution.”  
Games
, 
684 N.E.2d at 473 n.7.
(footnote: 3)  

Therefore, we do not look to the manner in which the offense is charged.  Rather 
we determine whether each 
statute
 requires proof of an additional fact which the other does not. 
 
Blockburger
, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. 306 at 309; 
 
Grinstead v. State
, 684 N.E.2d at 486. 
 
In the case at bar, the defendant was convicted of attempted murder, a class A felony, and robbery as class A felony.  The statutes provide:

Attempt  (
Ind.Code
 § 35-41-5-1(a) (1993))

(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.  An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.  However, an attempt to commit murder is a Class A felony.

Murder  
(Ind. Code
 § 35-42-1-1(1) (1993))

A person who . . . knowingly or intentionally kills another human being;

Robbery  
(Ind. Code
 § 35-42-5-1 (1993))

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person;  or

(2) by putting any person in fear;

commits robbery, a Class C felony.  However, the offense is . . . a Class A felony if it results in serious bodily injury to any person other than a defendant. 

It is clear that each statute requires proof of an additional fact which the other does not.  Attempted murder requires a substantial step towards a 
killing
;  class A robbery requires that 
property
 be taken.  We find no double jeopardy violation.

4.  Speedy Trial

On November 9, 1994, the defendant filed a motion for early trial and, pursuant to Indiana Criminal Rule 4(B)(1), was entitled to be tried before January 18, 1995.  The trial court initially set the matter for trial on January 10, 1995.  On December 28, 1994, the court reset the trial for January 5, 1995.  On January 3, 1995, the court appointed a special prosecutor because of the disqualification of the newly-elected prosecutor in this case.  On January 5, 1995, due to court congestion, the court reset the trial to January 18, 1995.  A special prosecutor was appointed and consented to the appointment on January 6, 1995.  On January 11, 1995, the State requested a continuance, stating that the special prosecutor had not yet received the file and that he had a bench trial on January 17, 1995 and had depositions all day on January 18, 1995.  The defendant objected to any continuance beyond January 18, 1995.  On January 13, 1995, the trial court held that the newly-created conflict of interest requiring the appointment of a special prosecutor presented an “emergency” sufficient to justify a continuance under Rule 4(B)(1), permissibly extending the date by which the defendant must be tried.  However, four days later, the trial court reconsidered the special prosecutor’s motion for continuance and denied the motion, ordering that the trial be held on the following day, January 18, 1995, reinstating the previous trial date.  On January 18, 1995, the defendant filed a motion for continuance wherein she argued that she had relied upon the continuance issued five days earlier and would not be ready for trial.  The trial court granted the defendant’s motion, but found that it “is charged to the defendant, not the State of Indiana, and that the defendant’s motion for continuance constitutes a waiver of her speedy trial motion.”  Record at 96.

The defendant claims that the trial court improperly charged the defendant with the continuance, arguing that the State “forced [the defendant’s] motion for continuance . . . as a result of its earlier filing of a motion for continuance based on an emergency basis.”  Brief of Appellant at 19.  The defendant contends she should have been discharged for violating her right to a speedy trial.  We disagree.  The delay resulting from her motion for continuance was properly charged to her, and the trial court did not err in refusing to discharge the defendant under Criminal Rule 4(B)(1). 

We also note 
sua sponte
 that the trial court failed to specifically assign the habitual offender enhancement to one of the defendant’s two convictions:  Attempted murder, a class A felony, or robbery, a class A felony.  
Chappel v. State
, 591 N.E.2d 1011, 1102 (Ind. 1992).  In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced.
  
Greer v. State
, 680 N.E.2d 526, 527 (Ind. 1997).  However, because we affirm both convictions in the case at bar and because the trial court ordered both forty-five year sentences to run concurrently, we decline to remand this cause to the trial court for resentencing to apply the thirty-year enhancement to only one of the two class A felony convictions.  
Corn v. State
, 659 N.E.2d 554, 558 (Ind. 1995);  
Holbrook v. State
, 556 N.E.2d 925, 926 (Ind. 1990).

The trial court is affirmed.

SHEPARD, C.J., and SELBY and BOEHM, JJ. concur.  SULLIVAN, J. concurs in result with separate opinion.

Attorney for Appellant

William Byer, Jr.

Byer & Byer

Anderson, IN

Attorneys for Appellee

Pamela Carter

Attorney General of Indiana

Cynthia L. Ploughe

Deputy Attorney General

Indianapolis, IN

IN THE

INDIANA SUPREME COURT

KIERA R. CARTER,

Defendant-Appellant,

v.

STATE OF INDIANA,

Plaintiff-Appellee.

)

) Supreme Court No.

) 48S00-9703-CR-167

)

) 

) 

)

)

)

APPEAL FROM THE MADISON SUPERIOR COURT

The Honorable Thomas Newman, Jr., Judge

Cause No. 48D03-9403-CF-068

ON DIRECT APPEAL

SULLIVAN,  Justice, concurring in result.

I concur in the result of the majority opinion.  However, I do not read our court’s opinion in  
Tawney v. State
, 439 N.E.2d 582 (Ind. 1982), to "erroneously attribute . . . to 
Blockburger v. United States
" double jeopardy analysis that looks to the manner in which offenses are charged in addition to the statutory definitions of the offenses.  While our court’s opinion in 
Tawney
 mentioned the 
Blockburger
 “same elements” test,  it went on to hold that, following an Indiana precedent, the court would look further:

In applying the test, however, we must look to the manner in which the offenses are charged and not merely to the statutory definitions of the offenses, as we do in determining the entitlement to an instruction on necessarily included offenses;  
Lawrence v. State
, (1978) 268 Ind. 330, 375 N.E.2d 208.

Tawney
, 439 N.E.2d at 588.  
Lawrence
 was not a double jeopardy case; it involved a defendant’s entitlement to an instruction on a lesser included offense.  This Court unanimously found the principle enunciated in 
Lawrence
 sufficiently analogous to be applicable in the double jeopardy context.

Tawney
 does not stand as an “erroneous” statement of federal double jeopardy jurisprudence but as a statement of the separate and distinct way in which Indiana courts analyze such claims.  
See
 
Moore v. State
, 652 N.E.2d 53, 60 n.7 (Ind. 1995) (manner in which the offenses are charged is “[t]he second prong of 
our
 double jeopardy analysis”) (emphasis added); 
Kemp v. State
, 647 N.E.2d 1143, 1146 (Ind. Ct. App. 1995) (Sullivan, J., concurring) ("Indiana double jeopardy analysis is therefore not identical to the federal analysis.”), 
trans.
 
denied
.
(footnote: 1)  This statement reflects application of the principle of statutory construction that we will not attach cumulative penalties to the same offense, absent a clear indication to the contrary from the legislature.  
See
  
Grinstead v. State
, 684 N.E.2d 482, 485 (Ind. 1997).  We have also held that this analysis is required under art. I, § 14, of our state constitution.  
Chiesi v. State
, 644 N.E.2d 104, 106 (Ind. 1994).
(footnote: 2)
FOOTNOTES
1:
Ind.Code
 § 35-42-1-1(1) (1993).

2:
Ind.Code
 § 35-42-5-1 (1993).

3:  In his separate opinion, Justice Sullivan cites 
Chiesi v. State
, 644 N.E.2d 104, 106 (Ind. 1994) and asserts that the analysis looking to the manner in which the offenses are charged “is required under art. I, § 14, of our state constitution.”  
Carter
, slip op. at 3 (Sullivan, J.).  He states that “
Chiesi
 was a unanimous decision making no reference, express or implied, to the federal constitution.”  
Id.
 at n.2.  To the contrary, this Court merely restated the 
appellant’s argument
 that the Indiana Constitution is violated, but specifically used the 
federal
 constitutional test--the 
Blockburger
 test--to analyze the claim.  
Chiesi
, 644 N.E.2d at 106-07. 

1:
See also
, 
e.g.
, 
Jewell v. State
, 672 N.E.2d 417, 427 (Ind. Ct. App. 1996), 
trans.
 
denied
  (Indiana double jeopardy jurisprudence distinct from federal); 
Channell v. State
, 658 N.E.2d 925, 930 (Ind. Ct. App. 1996) (same),
 
trans.
 
denied
;  
Smith v. State
, 655 N.E.2d 532, 545 (Ind. Ct. App. 1995) (same),
 
trans.
 
denied
;  
Ott v. State
, 648 N.E.2d 671, 673 (Ind. Ct. App. 1995) (same); 
Shipley v. State
, 620 N.E.2d 710, 717 n.2 (Ind. Ct. App. 1993) (same).

2:
Chiesi
 was a unanimous decision making no reference, express or implied, to the federal constitution.  
Cf.
 
Games v. State
, 684 N.E.2d 466, 473 & n.7 (Ind. 1997) (federal Double Jeopardy Clause jurisprudence does not require looking to the manner in which offenses are charged; defendant presented no argument that Indiana Constitution provides double jeopardy protections different from those under federal constitution).