**Scott E. McINTIRE, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 79S00–9706–CR–381.

Supreme Court of Indiana.

Oct. 1, 1999.

Elizabeth B. Searle, Karen Orr McClure, Stuart & Branigin, Lafayette, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Katherine Modesitt, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

1. IND.CODE § 35–43–2–1 (1993).

2. IND.CODE § 35–42–3–3 (1993).

3. IND.CODE § 35–45–2–1 (1993 & Supp.1996).

4. IND.CODE § 35–42–2–2(b) (1993 & Supp. 1996).

5. The jury also returned a guilty verdict for battery as a class C felony, but the trial court

### DICKSON, J.

The defendant, Scott E. McIntire, was convicted of burglary[1] as a class A felony, criminal confinement[2] as a class B felony, intimidation[3] as a class C felony, and criminal recklessness[4] as a class D felony.[5] He was sentenced to seventy-five years (consecutive sentences of thirty years for burglary and fifteen years for criminal confinement, enhanced by thirty years upon finding that he was a habitual offender) and to six years for intimidation and to two years for criminal recklessness to run concurrently with the burglary and criminal confinement sentences.

In this direct appeal, the defendant claims that his convictions violate the state and federal Double Jeopardy Clauses and that he was denied the effective assistance of trial counsel.

### 1. The United States Constitution

■ The defendant claims the federal Double Jeopardy Clause was twice violated by his convictions (1) for criminal recklessness as a class D felony and burglary as a class A felony; and (2) for criminal confinement as a class B felony and intimidation as a class C felony.[6] To determine whether these convictions violate the federal Double Jeopardy Clause, the test is whether each statutory provision "requires proof of an additional fact which the other [statutory provision] does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

■ As charged in the present case, the relevant statutory definition of criminal recklessness provides:

A person who recklessly, knowingly, or intentionally performs ... an act that

did not enter a conviction or sentence for this offense.

6. The defendant also contends that battery and criminal recklessness were based upon the same factual allegations and thus violate the Double Jeopardy Clause. Because the defendant was not convicted of battery, this argument is moot.

creates a substantial risk of bodily injury to another person ... commits criminal recklessness, a Class B misdemeanor. However, the offense is a ... Class D felony if it is committed while armed with a deadly weapon....

IND.CODE § 35–42–2–2(b) (1993 & Supp. 1996). The relevant statutory definition of burglary provides:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a ... Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

IND.CODE § 35–43–2–1 (1993)

Each of these statutory provisions requires proof of an additional fact which the other does not. Class D felony criminal recklessness requires commission of specific conduct while armed with a deadly weapon, an element not required for class A felony burglary, which requires breaking and entering, an element not required for criminal recklessness. Thus, under *Blockburger*, the federal Double Jeopardy Clause is not violated by the convictions for burglary and criminal recklessness.

■ The statutory provision defining criminal confinement as a class B felony provides:

A person who knowingly or intentionally ... confines another person without the other person's consent ... commits criminal confinement.... However, the offense is a ... Class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person.

IND.CODE § 35–42–3–3 (1993). The statutory provision defining intimidation as a Class C felony provides:

(a) A person who communicates a threat to another person, with the intent that:

(1) the other person engage in conduct against his will; or

(2) the other person be placed in fear of retaliation for a prior lawful act; commits intimidation, a Class A misdemeanor.

(b) However, the offense is a ... (2) Class C felony if, while committing it, the person draws or uses a deadly weapon.

IND.CODE § 35–45–2–1 (1993 & Supp.1996).

Each of these statutory provisions requires proof of an additional fact which the other does not. Criminal confinement requires that the defendant confine a person, which is not required for intimidation, which requires that the defendant communicate a threat to another person, which is not required for criminal confinement. The federal Double Jeopardy Clause is thus not violated by the convictions for criminal confinement and intimidation.

### 2. The Indiana Constitution

■ The defendant contends that, separate from and in addition to federal constitutional jurisprudence, Article I, Section 14 of the Indiana Constitution prohibits his multiple convictions. As discussed in our decision today in *Richardson v. State*, 717 N.E.2d 32 (Ind.1999), two convictions may be the "same offense" in violation of this Indiana Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Having found no violation of federal double jeopardy principles under the `Blockburger` test, we also find no violation under Indiana's analogous statutory elements test.

■ The issue presented here is whether a double jeopardy violation is established under the second aspect of the Indiana double jeopardy analysis, the actual evidence test. As explained in *Richardson:*

Under this inquiry, the actual evidence presented at trial is examined to determine whether each challenged offense

was established by separate and distinct facts. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Id.* at 53.

The trial evidence indicated that, at approximately 2:00 a.m. on August 15, 1996, the defendant crashed his motorcycle after driving through a mobile home park. The crash woke Roger Hilt and Melissa Lovell, who called 911, believing that the defendant, whom they knew, may have been hurt. The defendant left the scene after angrily yelling at Lovell to get off the phone. When the sheriff arrived, Hilt identified the motorcycle as belonging to the defendant and signed a statement concerning the accident. About an hour after the police had left, Hilt, Lovell, and her seven-year-old son, Joshua, were sitting at the breakfast table in their mobile home when the defendant, wearing a ski mask, burst in through their screen door. The defendant demanded to know why they had called the police and signed the statement against him because the defendant was under house arrest and could have his probation revoked as a result of the statement. While screaming and yelling, the defendant hit Hilt on the head with a baseball bat, causing a gash that required hospital treatment and stitches. Hilt crawled under the kitchen table while the defendant continued to hit the kitchen counters with the bat. When Lovell attempted to escape, the defendant swung the bat at her, told her that she "wasn't going anywhere," "pushed the bat in [her] chest and he put it in [her] son's face on his cheek," and threatened to kill all of them. Record at 337. The defendant again began hitting the kitchen table, trying to make Hilt come out from underneath it, and struck Hilt again with the

baseball bat, this time hitting his foot. We find no evidence of resulting injury to his foot. After the defendant knocked over the kitchen table, he and Hilt struggled over the baseball bat, and the defendant told Hilt that he had a gun and would shoot Hilt. While they struggled, Lovell helped Joshua break free and told him to run outside for help. Realizing Joshua was getting away, the defendant demanded that Lovell call Joshua back, stating that he was going to kill them all if she did not make Joshua return.

■ The defendant claims that the Indiana Double Jeopardy Clause was violated. He argues that, in establishing that the defendant caused Hilt bodily injury by hitting him on the head with the baseball bat, thus elevating the burglary charge to a class A felony, the State necessarily established that the defendant subjected Hilt to a substantial risk of bodily injury and, therefore, that the criminal recklessness conviction violates the Indiana Double Jeopardy Clause.

■ The defendant points to a jury instruction that described elements of criminal recklessness different from those presented in the charging information. As noted in *Richardson,* 717 N.E.2d at 54 n. 48, our identification of the evidentiary facts used by the jury in reaching its decisions may be informed by consideration of the final jury instructions and argument of counsel. At the conclusion of the evidence, the jury was instructed as to the allegations of the charging informations, omitting formal parts. The information charging class D felony criminal recklessness, as read to the jury, asserted that the defendant "created a substantial risk of bodily injury, committed while armed with a deadly weapon." Record at 104. A separate instruction advised the jury that a baseball bat can be a "deadly weapon." Record at 113. However, as noted by the defendant, the jury was also instructed, without objection, that the crime of criminal recklessness as a class D felony is defined by statute to be committed when a

person "recklessly, knowingly, or intentionally inflicts serious bodily injury on another person." Record at 109. This instruction similarly advised the jury that, in order to convict the defendant of the charge of criminal recklessness as a class D felony, the State was required to prove that the defendant recklessly, knowingly, or intentionally "inflicted serious bodily injury on Roger Hilt." *Id.*

■ The statutory definition of criminal recklessness as a class D felony presents two alternative sets of essential elements. A person commits criminal recklessness as a class D felony when he recklessly, knowingly, or intentionally performs an act that either: (1) "creates a substantial risk of bodily injury to another person . . . if committed while armed with a deadly weapon;" [7] or (2) "inflicts serious bodily injury on another person." [8] The instruction reciting the charging information described the first alternative definition of the offense—the creation of a substantial risk of bodily injury while armed with a deadly weapon. The instruction listing the elements described the second alternative definition of the offense—the actual infliction of serious bodily injury. Thus, the jury was presented with both alternative sets of essential elements for the offense of criminal recklessness as a class D felony. In light of these jury instructions, we find that the defendant has demonstrated a reasonable possibility that the jury used the same evidentiary facts (Hilt's head injury caused by the baseball bat) to establish the essential elements of both class A burglary and class D criminal recklessness. To rectify the resulting violation of the Indiana Double Jeopardy Clause, we elect to vacate the conviction for class D criminal recklessness.

■ With respect to the defendant's next double jeopardy claim, we apply the actual evidence test to determine whether the jury used evidence that the defendant pushed the baseball bat into Lovell's chest to establish the convictions for both criminal confinement of Lovell as a class B felony (confinement while armed with a deadly weapon) and the intimidation of Lovell as a class C felony (threatening with intent to cause fear of retaliation). The defendant has demonstrated a reasonable possibility that the jury used the same evidentiary facts to establish criminal confinement as a class B felony as it did to establish the essential elements of intimidation as a class C felony. The resulting violation of the Indiana Double Jeopardy Clause requires that we vacate one of these two convictions. We elect to vacate the conviction and sentence for intimidation.

### 3. Ineffective Assistance of Counsel

■ The defendant contends that his trial counsel provided ineffective assistance, thereby denying his Sixth Amendment right to counsel. In support of this claim, he asserts that his counsel generally failed to prepare for trial (alleging specific omissions), failed to consult with the defendant and to present evidence at trial (including alibi witnesses after filing a notice of alibi) and sentencing, and failed to object to evidence and to a jury instruction. He also emphasizes the cumulative prejudice of these claimed deficiencies in trial counsel's performance.

■ The defendant included his claim of ineffective assistance in this direct appeal which was filed before this Court recently noted that "a postconviction hearing is normally the preferred forum to adjudicate an ineffectiveness claim." *Woods v. State,* 701 N.E.2d 1208, 1219 (Ind.1998). Presenting such a claim often requires the development of new facts not present in the trial record. The assessment of such a claim requires a court to consider the overall performance of counsel and the reasonable probability that the alleged error affected the outcome. *Id.* at

7. Ind.Code § 35–42–2–2(b).

8. Ind.Code § 35–42–2–2(c).

1218–19. We held that a defendant may decide to raise a claim of ineffectiveness of counsel on direct appeal, but, if so raised, "the issue will be foreclosed from collateral review." *Woods,* 701 N.E.2d at 1220.

While *Woods* is clearly applicable prospectively, it did not represent existing case law at the time this appeal was filed. As *Woods* expressly noted, prior decisions of this Court (two of which involved trial counsel's alleged failure to call alibi witnesses) have held that a post-conviction claim of ineffective assistance of trial counsel is waived if not asserted on direct appeal. *Woods,* 701 N.E.2d at 1214. *See Spranger v. State,* 650 N.E.2d 1117, 1121 (Ind.1995); *Williams v. State,* 464 N.E.2d 893, 894 (Ind.1984); *Hollonquest v. State,* 432 N.E.2d 37, 39 (Ind.1982).

In the present case, the crimes for which the defendant was convicted were perpetrated by a masked assailant. Identity was thus a principal issue. The defendant's claim of ineffective assistance of counsel significantly reflects on this issue. The defendant argues that, despite the filing of a notice of alibi and successful motion in limine restricting prior bad act evidence, his defense counsel failed to present available witnesses on the alibi issue and properly to challenge evidence regarding the assailant's identity and the defendant's character and motive. We believe it preferable for the defendant to adjudicate his claim of ineffective assistance of trial counsel in a post-conviction relief proceeding, which would allow the parties to develop and the reviewing court to consider facts outside the present trial record. Appellate counsel, limited by existing case law and without the benefit of *Woods,* attempted to present these issues, but we decline to address the issue of ineffective assistance of trial counsel in this direct appeal.

9. The only time we have found remand for resentencing to be unnecessary is when we affirmed all convictions and the trial court ordered identical sentences to run concurrently.

### 4. Habitual Offender Enhancement

 We note *sua sponte* that the trial court failed specifically to assign the habitual offender enhancement to any one of the defendant's convictions. *See Carter v. State,* 686 N.E.2d 834, 839 (Ind.1997). We have repeatedly held that, when defendants are convicted of multiple offenses and found to be habitual offenders, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced. *See, e.g., Chappel v. State,* 591 N.E.2d 1011, 1012 (Ind.1992). Failure to specify requires that we remand the cause to the trial court to correct the sentence as it regards the habitual offender status.[9] *Id.* at 1016; *Miller v. State,* 563 N.E.2d 578, 584 (Ind.1990).

### Conclusion

The convictions for burglary as a class A felony and criminal confinement as a class B felony are affirmed. The convictions and sentences for intimidation and criminal recklessness are vacated. This cause is remanded to the trial court to correct the sentence specifically by assigning the habitual offender enhancement.

SHEPARD, C.J., and SULLIVAN, J. concur. BOEHM, J., concurs in result with separate opinion in which SELBY, J., concurs.

BOEHM, Justice, concurring in result.

I concur fully in parts 1, 3 and 4 of the majority opinion and concur in the result reached in part 2. However, as explained in my opinion concurring in result in *Richardson v. State,* 717 N.E.2d 32, 57 (Ind. 1999), I reach that conclusion based on the common law rule that requires that the facts giving rise to both offenses be "independently supportable, separate and distinct." *Thompson v. State,* 259 Ind. 587, 592, 290 N.E.2d 724, 727 (1972). The jury

See *Carter,* 686 N.E.2d at 839; *Corn v. State,* 659 N.E.2d 554, 558 (Ind.1995); *Holbrook v. State,* 556 N.E.2d 925, 926 (Ind.1990).

was instructed that the State must prove "serious bodily injury" to Hilt as the requirement to elevate the burglary conviction to an A felony, and also as an element of criminal recklessness. McIntire's dual convictions cannot stand because there is a reasonable probability that the same bodily injury that elevated the burglary charge to a Class A felony formed the basis of the criminal recklessness charge.

Nor are the dual convictions for confinement and intimidation permissible under *Thompson.* The intimidation conviction was based on McIntire's threat, while armed with the baseball bat, to kill Lovell if she left and his confinement conviction was based on his confining Lovell, while armed with the bat, in her home without her consent. Because there is a reasonable probability that the same actions supported both convictions, I agree with the majority that the intimidation conviction must be vacated.

SELBY, J., concurs.