Robert DAVIS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 32A04–0508–PC–442.

Court of Appeals of Indiana.

Feb. 28, 2006.

Robert Davis, Carlisle, IN, pro se.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

MAY, Judge.

Robert Davis, *pro se,* appeals the denial of his motion to correct erroneous sentence. He raises two issues, which we restate as:

1. Whether the trial court improperly failed to attach an habitual offender finding to one of Davis' convictions; and

2. Whether the trial court improperly ordered him to reimburse the public defender fund in the amount of $16,350.00.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In 1997, Davis was convicted of four counts of altering an original or special identification, one count of corrupt business practices, and twelve counts of receiving stolen auto parts. The trial court found Davis to be an habitual offender. Davis was sentenced to eight years for each count of altering an original or special identification, eight years for corrupt business practices, and three years for each count of receiving stolen auto parts. The trial court enhanced Davis' sentences by an additional twelve years for being an habitual offender. The sentences were to be served consecutively, making Davis' aggregate sentence eighty-eight years.

Davis pursued a direct appeal but did not raise any sentencing issues. We affirmed in a memorandum decision. *Davis v. State,* 737 N.E.2d 1238 (Ind.Ct.App. 2000).

On May 25, 2005, Davis filed a motion to correct erroneous sentence. The trial court denied that motion and Davis appeals.

## DISCUSSION AND DECISION

A motion to correct erroneous sentence derives from Ind.Code § 35–38–1–15, which provides:

If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of that statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind.2004) (*quoting Gaddie v. State*, 566 N.E.2d 535, 537 (Ind.1991)). When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. *Id.* at 786. A trial court's ruling on a motion to correct sentence is subject to appeal by normal appellate procedures. *Id.*

 A motion to correct sentence is appropriate only when the sentence is erroneous on its face. *Id.* When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence is thus narrowly confined to claims apparent from the face of the sentencing judgment. *Id.* at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Id.*

### 1. *Attachment of Habitual Offender Enhancement*

 Davis argues the trial court erred when it failed to attach the habitual offender enhancement to a specific conviction. The State acknowledges Davis' sentence is facially erroneous for that reason, but asserts any error is "a mere technical deficiency and correcting the error will not change Defendant's sentence." (Br. of Appellee at 4.)

 Our Indiana Supreme Court has repeatedly held that when defendants are convicted of multiple offenses and found to be habitual offenders, trial courts must impose the resulting penalty enhancement on only one of the convictions and must specify the conviction so enhanced. *McIntire v. State*, 717 N.E.2d 96, 102 (Ind.1999). Failure to specify requires remand to the trial court to correct the sentence as it regards the habitual offender status. *Id.*

The *McIntire* court noted:

The only time we have found remand for re-sentencing to be unnecessary is when we affirmed all convictions and the trial court ordered identical sentences to run concurrently. *See Carter* [*v. State* ], 686 N.E.2d [834,] 839 [ (Ind.1997, *reh'g denied* ]; *Corn v. State*, 659 N.E.2d 554, 558 (Ind.1995); *Holbrook v. State*, 556 N.E.2d 925, 926 (Ind.1990), *reh'g denied.*[1]

*Id.* at 103 (footnote added).

It is not apparent that the length of Davis' sentence will change by the attachment of the habitual offender enhancement to a specific conviction. However, we are constrained by *McIntire* to remand this case to the trial court to correct the sentence.

### 2. *Public Defender Fund*

 The trial court ordered:

that if at a subsequent time it should be determined that Mr. Davis has funds with which to reimburse the Clay County Public Defender fund that he should do so in the amount of $16,350.00 which represents reimbursement for attorney [fees] expended by Clay County Public

---

**1.** Even though Davis' sentences were not concurrent, the State relies on *Carter, Corn,* and *Holbrook* in support of its premise this sentencing error was only a "technical deficien-

cy." (Br. of Appellee at 4.) In light of the explicit language to the contrary in *McIntire,* we decline to so hold.

Defender fund for Robert Davis' defense for trial and appeal.

(App. at 21.) Davis argues the fee is excessive and asks us to reduce the reimbursement fee to $100.00.

The State concedes "the Court's order of reimbursement was likely an abuse of discretion," (Br. of Appellee at 7), but argues Davis' claim is waived because the reimbursement order was part of Davis' substantive sentence and any challenge thereto should have been brought on direct appeal.

We decline to find waiver. In *Everroad v. State*, 730 N.E.2d 222, 224 (Ind.Ct.App. 2000), we held Everroad was entitled to an indigency hearing as a matter of law, and noted "[t]he indigency issue cannot be waived[.]" *Id.* n. 5 (*quoting Meeker v. State*, 182 Ind.App. 292, 302, 395 N.E.2d 301, 307 (1979)). Everroad was thus entitled to file a motion to correct an erroneous sentence. We accordingly look to the merits of Davis' claim.

Three statutes address when a defendant must reimburse the county for counsel provided at public expense. One provides in relevant part:

If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:

(1) For a felony action, a fee of one hundred dollars ($100).

Ind.Code § 35–33–7–6(c). This statute contemplates that trial courts will order the defendant to pay the $100 fee at the initial hearing, *see* Ind.Code § 35–33–7–6(a), but it does not prohibit trial courts from imposing the fee at other stages of the proceedings.

When Davis was sentenced, two statutes allowed trial courts to impose representation costs in excess of $100 against a defendant. Ind.Code § 33–9–11.5–6(a) (now Ind.Code § 33–40–3–6) provided that if "the court makes a finding of ability to pay the costs of representation," the defendant shall pay "[r]easonable attorney's fees if an attorney has been appointed for the person by the court." These fees, which may not exceed the cost of defense services rendered to the person, can be imposed "at any stage of a prosecution." Ind.Code § 33–9–11.5–6(a), (d).

Ind.Code § 33–19–2–3(a) (now Ind.Code § 33–37–2–3) provided "[w]hen the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." If, after such a hearing, "the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person." Ind.Code § 33–19–2–3(c). This amount must be assessed when the court imposes costs. Ind.Code § 33–19–2–3(a).

In *May v. State*, 810 N.E.2d 741, 745–46 (Ind.Ct.App.2004), the trial court ordered May to reimburse the public defender fund in the amount of $750.00, but did not specify which statute permitted that reimbursement order. Nor did the trial court make a finding or conduct a hearing regarding May's ability to pay the costs of representation. We remanded with instructions to reverse the assessment of the public defender fee, and instructed the trial court that if it wished to impose such a fee, it must follow the statutory requirements. *Id.* at 746.

In light of the statutory language and our holding in *May*, we decline to hold a trial court has the authority to order a presently indigent defendant to pay restitution based on possible future earnings or other speculative prospective wealth. As a result, the trial court erred in prospective-

ly ordering Davis to reimburse the public defender's fund $16,350.00.

Reversed and remanded.

FRIEDLANDER, J., and CRONE, J., concur.