**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN THOMAS, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1107-CR-660 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose Salinas, Judge
Cause No. 49G14-1003-FD-17612

**April 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a bench trial, Justin R. Thomas appeals his conviction of dealing in marijuana as a Class D felony. He raises a single issue, which we restate as whether the trial court's inquiry into venue constitutes judicial partiality and fundamental error. We raise the following issue sua sponte: whether convictions for dealing in marijuana and possession of marijuana, both Class D felonies, violate double jeopardy. Concluding that the trial judge was impartial, no fundamental error occurred, and double jeopardy principles were violated, we affirm in part, vacate in part, and remand for resentencing.

## Facts and Procedural History

On March 7, 2010, Indianapolis Metropolitan Police Sergeant Frank Wooten observed Thomas commit two traffic violations and pulled his vehicle over. During this stop, Sergeant Wooten discovered 69.09 grams of what was later determined to be marijuana, an electronic scale, and $1,042 in cash. Thomas was arrested and charged with dealing in marijuana and felony possession of marijuana, both Class D felonies.

The State did not explicitly establish venue during its case-in-chief. Just after the State began its closing argument, the trial court interjected and said, "I also want you to address because you didn't – tell me where you got venue because I didn't hear Marion County anywhere in there." Transcript at 45. The State moved to reopen the case to establish venue. The trial court stated, "[i]f I deny your motion [to reopen the case], you can make an argument that there's enough evidence on the record that venue can be drawn from that." Id. at 47. Defense counsel objected to the case being reopened and the trial court denied the State's motion, but allowed the State to make the argument for venue. The trial court determined that:

2

> On the issue of venue, the Court does feel that there's enough ancillary evidence to establish venue even though no direct question was asked, there's enough there. And I take into account the officer indicated he works for [the Indianapolis Metropolitan Police Department] (IMPD) and that he's now East District with IMPD. Also, the location he gave of the disturbance and that he noted on cross examination that it was east of Indianapolis, Indiana being, you know, it connects to IMPD. So I find – Indianapolis is in Marion County so that's the "can take judicial notice of Indianapolis being in Marion County" since it is the capital and biggest city in the state. I do believe that venue has been established through secondary evidence that the Court heard.

Id. at 52-53.

The trial court found Thomas guilty on both counts and merged them together. He was sentenced to one year to be served on home detention. Thomas now appeals.

## Discussion and Decision

### I. Venue

### A. Judicial Impartiality and Fundamental Error

Thomas did not raise the issue of judicial impartiality during his trial. Therefore, the State argues that he must establish fundamental error on appeal. Generally, to preserve an issue for appeal, a contemporaneous objection is required. Stellwag v. State, 854 N.E.2d 64, 66 (Ind. Ct. App. 2006). "Fundamental error is defined as an error so prejudicial to the rights of a defendant that a fair trial is rendered impossible." Benefield v. State, 945 N.E.2d 791, 801 (Ind. Ct. App. 2011). The "'fundamental error' exception is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." Mathews v. State, 849 N.E.2d 578, 587 (Ind. 2006).

3

Thomas cannot establish that fundamental error occurred. A fair trial was not rendered impossible by the trial judge's remarks because venue had been established during the State's case-in-chief through circumstantial evidence. Sergeant Wooten, the arresting officer, testified he was employed by the IMPD. He also testified that he observed Thomas on the "east side of Indianapolis over by 465 off of Franklin Road," which is where Thomas was detained and arrested. Tr. at 7. Sergeant Wooten also testified that a second officer, Officer Keithly, was present at the scene and that she was also employed by the IMPD. Finally, Thomas introduced into evidence a map of the area in which the traffic stop occurred, which depicts Franklin Road near I-70 and I-465. This area is located within and on the east side of Indianapolis. This circumstantial evidence, taken together, is sufficient to establish the incident occurred in Marion County, thereby satisfying the venue element of the offense. Therefore, the trial court's inquiry into venue did not deny Thomas a fair trial. No error occurred that was "so prejudicial to the rights of a defendant that a fair trial [was] rendered impossible." Benefield, 945 N.E.2d at 801.

Thomas argues that the trial court failed to show impartiality during the bench trial when it inquired about venue after the State did not explicitly establish it. He further argues that the interjection denied Thomas a fair trial because it gave the deputy prosecutor guidance on how to overcome the deficiency.

This Court has previously stated:

A trial before an impartial judge is an essential element of due process. . . . To assess whether the trial judge has crossed the barrier of impartiality, a court on review examines both the trial judge's actions and demeanor. However, a trial judge must be given latitude to run the courtroom and maintain discipline and control of the trial.

4

Stellwag, 854 N.E.2d at 66 (Ind. Ct. App. 2006). In Indiana, the "law presumes that a judge is unbiased and unprejudiced." Everling v. State, 929 N.E.2d 1281, 1287 (Ind. 2010). To rebut a presumption of impartiality, a defendant must establish from the judge's conduct actual bias or prejudice that places the defendant in jeopardy. Id. In addition, "not all untoward remarks by a judge constitute reversible error." Cook v. State, 734 N.E.2d 563, 567 (Ind. 2000). "The remarks must harm the complaining party or interfere with the right to a fair trial." Id.

Though venue was not specifically established during the State's case-in-chief, it was established through circumstantial evidence, as stated above. For this reason, Thomas cannot establish that the remarks from the trial judge were biased or interfered with his right to a fair trial. The trial judge's remarks did not harm the outcome of Thomas's trial.

Even if an error was committed, the error was harmless. "Under [the] federal harmless error analysis, which is triggered by an error affecting the Defendant's federal constitutional rights, the State has the burden of proving beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Black v. State, 794 N.E.2d 561, 565 (Ind. Ct. App. 2003). In this case, the State has met that burden. When the trial judge interjected, venue had already been established through circumstantial evidence. The judge's line of questioning regarding venue did not affect the outcome. It is not a trial judge's responsibility to inform either party when they forget to introduce evidence. However, because there was enough evidence in the record prior to the judge's

5

interjection to deduce that this incident occurred in Marion County and the trial judge's questioning did not change the outcome of the trial, any error is harmless.

## II. Double Jeopardy

Neither party raised the issue of double jeopardy, but the conviction and sentence imposed on Thomas must be corrected. The Indiana Constitution states that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art 1, § 14 (amended 1851). "[T]wo convictions may be the 'same offense' in violation of this Indiana Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." McIntire v. State, 717 N.E.2d 96, 99 (Ind. 1999).

The trial court found Thomas guilty of dealing in marijuana and possession of marijuana, entered a judgment of conviction as to both, and sentenced him for each count. Possession of marijuana is committed by one who "knowingly or intentionally possesses (pure or adulterated) marijuana." Ind. Code § 35-48-4-11(1). A person who knowingly or intentionally delivers marijuana or possesses with intent to deliver marijuana commits dealing in marijuana. Ind. Code § 35-48-4-10(a).[1] However, possession of marijuana is a lesser included offense of dealing in marijuana. An offense is a lesser included offense if the included offense "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." Ind. Code § 35-41-1-16. Indiana law recognizes

---

[1] Crowe's conviction is a Class D felony because "the amount involved is more than thirty grams but less than ten pounds of marijuana." Ind. Code § 35-48-4-10(b).

that "the inherently included offense . . . is necessarily committed in the course of committing the greater offense." Rouse v. State, 525 N.E.2d 1278, 1280 (Ind. Ct. App. 1988) (quoting Maynard v. State, 490 N.E.2d 762, 763 (Ind. 1986)), trans. denied. When a reviewing court is determining whether double jeopardy principles have been violated, it is not necessary to remand on appeal to vacate "[w]here the court merge[d] the lesser-included offense without imposing judgment." Green v. State, 856 N.E.2d 703, 704 (Ind. 2006). When multiple counts are merged, "only one sentence can be imposed between the two counts." Id.

To prove that Thomas was dealing in marijuana, it is necessary that he was in possession of marijuana. Therefore, he would have to commit the lesser offense of possession to commit the greater offense of dealing. It is a violation of double jeopardy to sentence Thomas for the greater offense as well as the lesser-included offense. The Court indicated that "Counts I and II merge together." Tr. at 64. "[A] merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is 'unproblematic' as far as double jeopardy is concerned." Green, 856 N.E. at 704. However, the Abstract of Judgment shows that he was convicted of and sentenced to three hundred and sixty-five days for both Count I and Count II to be served concurrently. In order for the offenses to be properly merged, the Court cannot enter a judgment of conviction or impose a sentence for the lesser-included offense. Because this is an error that needs to be corrected, we vacate the conviction of possession of marijuana and sentence thereon and remand to the trial court with instructions to correct the abstract of judgment consistent with this opinion.

Conclusion

Based on the foregoing, we conclude that the trial judge's inquiry into venue did not constitute a fundamental error. We also conclude that Thomas's convictions and sentences for both dealing in marijuana and possession of marijuana violated double jeopardy, and we vacate the conviction of possession of marijuana and sentence thereon and remand with instructions to correct the abstract of judgment consistent with this opinion.

Affirmed in part, vacated in part, and remanded.

NAJAM, J., and VAIDIK, J., concur.