## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2018, 11:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan J. Bledsoe,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 25, 2018<br><br>Court of Appeals Case No.<br>17A-CR-3016<br><br>Appeal from the Howard Superior<br>Court<br><br>The Honorable George A.<br>Hopkins, Judge<br><br>Trial Court Cause No.<br>34D04-1702-F3-28 |

**Pyle, Judge.**

# Statement of the Case

Nathan Bledsoe ("Bledsoe") appeals his conviction by jury of Level 5 felony battery.[1]  He argues that he was denied the effective assistance of trial counsel and that there is insufficient evidence to support his conviction.  Concluding that Bledsoe was not denied the effective assistance of counsel and that there is sufficient evidence to support his conviction, we affirm the trial court's judgment.

We affirm.

# Issues

1. Whether Bledsoe was denied the effective assistance of trial counsel.

2. Whether there is sufficient evidence to support Bledsoe's conviction.

# Facts

In late February 2017, Bledsoe's father, David ("David"), contacted the Howard County Sheriff's Department and asked deputies to remove an argumentative Bledsoe from David's home.  Bledsoe asked to be taken to a rescue mission.  However, staff at the mission refused to allow Bledsoe to spend the night because he was intoxicated.  David, who did not want Bledsoe to

---

[1] IND. CODE § 35-42-2-1.

wander the streets for the rest of the night, agreed to let Bledsoe return to his house for the night.

[4] Later that evening, Bledsoe "went berserk, screaming and yelling" when he could not find his medication. (Tr. 134). David's girlfriend, Deborah Philpot ("Philpot") saw Bledsoe pick up a hatchet and hit David in the face with it, creating a large laceration that bled profusely. David was able to subdue Bledsoe and take the hatchet away from him while Philpot called the Sheriff's Department. When deputies arrived at the scene, Philpot told them that Bledsoe had also slapped her face. David was immediately transported to the local hospital and then to Indianapolis so that a plastic surgeon could stitch up the laceration on his face.

[5] The State charged Bledsoe with Level 3 aggravated battery for striking David in the face with the hatchet. Bledsoe was also charged with Class A misdemeanor battery for striking Philpot in the face.

[6] At trial, Philpot testified that she saw Bledsoe strike David in the face with the hatchet. Philpot further testified that Bledsoe did not strike her. David testified that Bledsoe struck him in the face with the hatchet. Photos of David's facial laceration were introduced into evidence, and the jury was also able to see the scar that ran the length of David's face.

[7] After the State rested, the trial court granted Bledsoe's motion for judgment on the evidence and dismissed the misdemeanor battery count relating to Philpot. In addition, defense counsel argued that David's injury was not serious enough

to support a Level 3 aggravated battery charge. The jury subsequently convicted Bledsoe of the lesser included offense of Level 5 felony battery. Bledsoe now appeals.

# Decision

## 1. Ineffective Assistance of Trial Counsel

[8] Bledsoe first argues that trial counsel was ineffective. At the outset, we note the procedural effect of Bledsoe bringing his claim of ineffective assistance of trial counsel on direct appeal. Although this practice is not prohibited, a post-conviction proceeding is generally "'the preferred forum'" for adjudicating claims of ineffective assistance of counsel because the presentation of such claims often requires the development of new facts not present in the trial record. *McIntire v. State*, 717 N.E.2d 96, 101 (Ind. 1999) (quoting *Woods v. State*, 701 N.E.2d 1208, 1219 (Ind. 1998), *reh'g denied*, *cert. denied*). If a defendant chooses to raise a claim of ineffective assistance of counsel on direct appeal, "the issue will be foreclosed from collateral review." *Woods*, 701 N.E.2d at 1220. This rule should "likely deter all but the most confident appellants from asserting any claim of ineffectiveness on direct appeal." *Id.* When a claim of ineffective assistance of counsel is based solely on the trial record, as it is on direct appeal, "every indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight[,]" and "[i]t is no surprise that such claims almost always fail." *Id.* at 1216 (quoting *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991), *cert. denied*).

[9]     We now turn to the substance of Bledsoe's ineffective assistance of counsel claim. We review claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance of counsel, Bledsoe must show that his counsel's performance was deficient and that the lack of effective representation prejudiced him. *See Strickland*. 466 U.S. at 687. To satisfy the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and counsel committed errors so serious petitioner did not have "counsel" as guaranteed by the Sixth Amendment of the United States Constitution. *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013). To satisfy the second prong, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

[10]    Here, Bledsoe contends his trial counsel was ineffective because counsel "in effect, told the jury that [Bledsoe] was guilty. A defense attorney should not tell a jury that his or her client is guilty, leaving the jury to decide only the level of guilt." (Bledsoe's Br. 9). In support of this contention, Bledsoe directs us to the following excerpt from his counsel's closing argument:

> There's not been a defense here today of mental disease or defect and there's not been a defense today of self-defense. . . . So, I, he got cut and there's no ifs, and no buts about it, he got cut, that happened. How it happened, I don't know. And I assume that you're going to fill in the blanks and you're going to decide how it happened.

(Tr. Vol. 2 at 237, 241).

[11]  We agree with the State that "counsel admits only that [David] was cut on the face – an undeniable fact given the pictures of [David's] face admitted into evidence – but immediately follows that by saying, 'How it happened, I don't know.' This is not an admission that [Bledsoe] cut [David]." (State's Br. 12). Bledsoe has failed to meet his burden to show that counsel's performance was deficient and that he was denied the effective assistance of trial counsel.

## 2.    Sufficiency of the Evidence

[12]  Bledsoe also argues that there is insufficient evidence to support his conviction of Level 5 felony battery. Our standard of review for sufficiency of the evidence claims is well-settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[13]  In order to convict Bledsoe of Level 5 felony battery, the State had the burden to prove beyond a reasonable doubt that Bledsoe knowingly or intentionally touched David in a rude, insolent, or angry manner and that serious bodily injury resulted to David. *See* I.C. § 35-42-2-1. Serious bodily injury includes serious permanent disfigurement or extreme pain. I.C. § 35-31.5-2-292.

[14]     Here, our review of the evidence reveals that Bledsoe sliced David's face with a hatchet, creating a large laceration that bled profusely. As a result of this injury, David has been left with a permanent scar that runs the length of his face. This evidence is sufficient to support Bledsoe's conviction for Level 5 felony battery.[2]

[15]     Affirmed.

Vaidik, C.J., and Barnes, Sr. J., concur.

---

[2] Bledsoe's argument that "the credibility of the 'two witnesses, including David' --- the only persons present other than Bledsoe --- have been so compromised that their lack[] of credibility, at a minimum, gives rise to reasonable doubt," is a request that we reweigh the evidence. (Bledsoe's Br. 9). This we cannot do. *See Drane*, 867 N.E.2d at 146.