**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 13 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**J. MICHAEL SAUER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CLAY R. FIRESTONE,                )
                                  )
    Appellant-Petitioner,       )
                                  )
       vs.                  )    No. 32A01-1201-PC-32
                                  )
STATE OF INDIANA,                 )
                                  )
    Appellee-Respondent.        )

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-0606-PC-3

**September 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Clay Firestone appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm and remand with instructions.

## ISSUES

Firestone presents one issue for our review, which we restate as:

I.    Whether Firestone received effective assistance of trial counsel.

In addition, we raise sua sponte:

II.    Whether the trial court erred when it failed to attach the habitual offender enhancement to a specific conviction.

## FACTS AND PROCEDURAL HISTORY

In 2004, Firestone was charged with numerous offenses based upon an incident in January 2004 in which S.W. was sexually attacked by Firestone and his cousin, Bradley Griffin. Following a jury trial, Firestone was found guilty of rape and criminal deviate conduct, both as B felonies. He was also found to be an habitual offender. On direct appeal, this Court affirmed Firestone's convictions. *See Firestone v. State*, 838 N.E.2d 468 (Ind. Ct. App. 2005).

In 2006, Firestone filed a pro se petition for post-conviction relief claiming ineffective assistance of trial counsel. This petition was amended by counsel in July 2009, and a hearing was held on the amended petition on October 4, 2011. On December 30, 2011, the court issued an order denying Firestone's petition. This appeal ensued.

## DISCUSSION AND DECISION

2

Firestone appeals from a negative judgment, and, to the extent his appeal turns on factual issues, he must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). Thus, we will disturb the decision of the post-conviction court only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. *Id.*

## I. ASSISTANCE OF COUNSEL

Firestone contends that he received ineffective assistance of trial counsel. Because he did not raise this issue in his direct appeal, *see Firestone*, 838 N.E.2d at 470, it is available to him in post-conviction proceedings. *See Woods v. State*, 701 N.E.2d 1208, 1216 (Ind. 1998) (holding that ineffective assistance of trial counsel may be raised on direct appeal, but if it is not, it is available in post-conviction proceedings irrespective of nature of issues claimed to support competence or prejudice prongs).

In general, claims of ineffective assistance of counsel are governed by the familiar two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant is required to establish both (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant. *Johnson v. State*, 948 N.E.2d 331, 334 (Ind. 2011), *cert. denied*, 132 S. Ct. 1575, 182 L. Ed. 2d 194 (2012). The deficient performance prong requires a showing that counsel's representation fell below an objective standard of reasonableness. *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010). The prejudice

3

prong requires a showing that counsel's errors were so serious as to render the result of the trial unreliable. *Id.* Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Id.* Moreover, failure to satisfy either prong of the two-part test will cause the defendant's claim to fail. *Henley v. State*, 881 N.E.2d 639, 645 (Ind. 2008). If we can easily dispose of an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient. *Id*.

First, Firestone alleges that his trial counsel was ineffective for failing to object or otherwise take steps to prevent the jury from hearing certain references to his unrelated charges and periods of incarceration. Specifically, one of the detectives in the case testified at trial, without objection, that a branch of the Indianapolis Police Department creates photo line ups of people that are incarcerated. He went on to explain that the computer pulls pictures of people from its database that look similar to the suspect in order to create the line up. The detective testified that a line up that included Firestone was created "because he's been incarcerated, or he had been incarcerated before at that jail." Trial Tr. p. 295. In addition, State's Exhibit 18, which was admitted at trial without objection, is the photo line up that was created to include Firestone's picture, and contains the words "Indianapolis Police Department" across the top of the page. Finally, State's Exhibit 19 is an audio recording of the police interview with Firestone. This exhibit was also admitted without objection. Each juror was given a transcript of the interview, and the recorded interview was played for the jury. Exhibit 19 included

4

statements by the detective that they were at the Marion County jail with Firestone who was currently in custody with other cases pending. *See id.* at 309, 318.

At the post-conviction hearing, Firestone's trial counsel testified that he recalled very little information from Firestone's trial and that he would normally seek to exclude such evidence. Indeed it does appear that an objection probably would have been granted by the trial court with regard to this evidence. However, Firestone's counsel may have prudently determined not to object to the detective's testimony regarding Firestone's prior incarceration and to the photo line up presented in Exhibit 18 so as not to call undue attention to the information. *See, e.g.*, *Benefield v. State*, 945 N.E.2d 791, 799-800 (Ind. Ct. App. 2011) (determining that counsel had strategic reason for decision not to object to evidence because objection may have been more damaging than evidence).

In addition, counsel's failure to object to the admission of Exhibit 19 containing Firestone's statement could very well have been a matter of strategy. By not objecting to Exhibit 19, counsel refrained from drawing unwanted attention to the mere mention of Firestone's incarceration and instead accomplished the more important task of getting Firestone's version of events, in which he denied any physical contact with S.W., in front of the jury. Although Firestone did eventually testify in his own defense, this statement was already admitted so that he could weigh his options at the point in trial when he would have to decide whether to testify. Further, by allowing Exhibit 19 into evidence and by testifying, Firestone was able to twice deny wrongdoing to the jury.

Firestone also argues that his trial counsel knew about the photo line up and the recorded interview prior to trial and therefore could have filed motions to redact and/or motions in limine with regard to these evidentiary items. In assigning this knowledge to his trial counsel, Firestone does not direct us to any testimony or evidence in support of his claim. Moreover, based upon our analysis of resulting prejudice, counsel's pretrial knowledge is of no moment.

With regard to the prejudice prong, the evidence reveals that the references to Firestone's criminal history were extremely brief and vague. Additionally, the State did nothing to emphasize the evidence of Firestone's criminal history and the jury received no information as to the nature of the previous charges. Further, the jurors had just heard testimony that the police department creates photo line ups so the fact that the line up contained the words "Indianapolis Police Department" should not have caused undue concern. Furthermore, the State's evidence was compelling. S.W. testified unequivocally that while she was held down by Griffin, Firestone inserted his penis into her vagina against her will. Firestone then, against S.W.'s will, inserted his penis into her mouth and later again inserted his penis into her vagina. Firestone has not met his burden of showing that counsel's errors rendered the result of his trial unreliable.

Next, Firestone asserts that he was prejudiced by his trial counsel's failure to object to or otherwise attempt to prevent the jury from hearing evidence of the possibility that a date rape drug had been administered to S.W. On this issue, Firestone presents no

argument as to his counsel's performance but rather focuses solely on the prejudice prong of the two-part standard.

At trial, State's Exhibit 24 was admitted by stipulation. Exhibit 24 is a lab report showing the results of testing on S.W.'s urine sample using a date rape drug panel. The results were negative for a wide range of drugs except the stimulant Phentermine, which was due to a weight loss medication taken by S.W. The State also presented the testimony of the emergency room nurse. She testified that she is a forensic nurse examiner in the sexual assault program at the hospital as well as the coordinator of the program. The nurse testified that S.W. reported feeling more drunk than normal, vomiting numerous times, and being nauseous, dizzy, and weak. She explained that the symptoms suffered by S.W. can be caused by "date rape drugs" or "drugs used to facilitate sexual assault" being added to a drink to speed up the effects of alcohol. Trial Tr. p. 384. The nurse further testified that date rape drugs usually leave the body within eight to twelve hours, or sooner if the person vomits or urinates. The nurse noted that S.W. had indicated she had urinated and vomited several times between the time of the assault and her visit to the emergency room and that the assault had occurred at least fourteen hours prior to S.W. visiting the emergency room.

As to the prejudice Firestone alleges he suffered due to the admission of this evidence, we note there was never any testimony that S.W. had probably been given a date rape drug. Although the nurse testified that some of S.W.'s complaints were like those the nurse had observed in others who had been drugged, State's Exhibit 24 was

7

negative for any date rape drugs in S.W.'s system. Moreover, on cross-examination by Firestone's trial counsel, the nurse confirmed that the tests on S.W.'s urine sample were negative for all the drugs on the date rape drug panel except the stimulants contained in the diet drug S.W. had been taking. The nurse also admitted on cross-examination that it was possible that the symptoms S.W. experienced could have been caused by something other than a date rape drug. During his testimony, Firestone stated that he had never seen a date rape drug, did not discuss date rape drugs with Griffin, and did not see Griffin put anything into S.W.'s drink. Finally, the State's evidence was strong, and S.W.'s testimony was unequivocal. Firestone has failed to fulfill his burden of showing prejudice to the extent that the outcome of his trial would have been different.

## II. HABITUAL OFFENDER ENHANCEMENT

We raise, sua sponte, the issue of whether the trial court erred when it failed to attach the habitual offender enhancement to a specific conviction in sentencing Firestone. The trial court sentenced Firestone to eighteen years on his conviction of rape (Count I), eighteen years on his conviction of criminal deviate conduct (Count III), to be served consecutively, and twenty-eight years for his adjudication as an habitual offender. *See* Appellant's App. in Direct Appeal p. 4; Trial Tr. pp. 741-42.

In imposing the habitual offender enhancement, the trial court did not specify which conviction it was enhancing. As we have previously noted, "when defendants are convicted of multiple offenses and found to be habitual offenders, trial courts must impose the resulting penalty enhancement on only one of the convictions and must

8

specify the conviction so enhanced." *Davis v. State*, 843 N.E.2d 65, 67 (Ind. Ct. App. 2006) (citing *McIntire v. State*, 717 N.E.2d 96, 102 (Ind. 1999)). Failure to specify requires remand to the trial court to correct the sentence with regard to the habitual offender enhancement. *Id.* Thus, the omission here constitutes error for which remand is required.

## CONCLUSION

Firestone has not shown such prejudice as would render the result of his trial unreliable. Therefore, we affirm the post-conviction court's denial of relief.

However, we remand to the post-conviction court with instructions to assign the habitual offender enhancement to one of Firestone's convictions.

Affirmed and remanded with instructions.

NAJAM, J., and PYLE, J., concur.