# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2018, 8:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Caryn N. Szyper
Deputy Attorneys General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Douglas L. Leistner, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 19, 2018 <br><br> Court of Appeals Case No. 18A-CR-491 <br><br> Appeal from the Dubois Circuit Court <br><br> The Honorable Nathan A. Verkamp, Judge <br><br> Trial Court Cause No. 19C01-1611-F1-951 |

**Kirsch, Judge.**

Douglas L. Leistner ("Leistner") was convicted after a jury trial of two counts of child molesting,[1] each as a Level 1 felony, and one count of public voyeurism[2] as a Class A misdemeanor and was sentenced to a forty-year aggregate sentence in the Indiana Department of Correction. Leistner appeals and raises the following restated issues for our review:

I.   Whether the trial court abused its discretion when it allowed the State to amend the charging information in order to change the dates on which the crimes were alleged to have occurred;

II.  Whether Leistner's two convictions for child molesting violate double jeopardy or were barred by the continuous crime doctrine;

III. Whether the trial court abused its discretion when it declined to give Leistner's proposed final jury instructions regarding an uncharged offense; and

IV.  Whether Leistner's forty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

The State raises the following issue on cross-appeal:

---

[1] *See* Ind. Code § 35-42-4-3(a)(1).

[2] *See* Ind. Code § 35-45-4-5(d).

V.   Whether the trial court erred when it found that Leistner was not a sexually violent predator.

We affirm in part, reverse in part, and remand.

## Facts and Procedural History

Leistner and Tracy Erwin ("Tracy") began a relationship in 2005 and lived together in Leistner's home in Jasper, Indiana.  Tracy's daughter, C.E., who was born in 2002, also lived with them in the home.  Tracy and C.E. moved out of Leistner's home on May 5, 2016, when she and Leistner ended their relationship.

In the spring of 2015,[3] Leistner took C.E. mushroom hunting.  When they returned home afterwards, Leistner told C.E. and his son, who had also gone with them, to check their bodies for ticks.  *Tr. Vol. 2* at 72-74, 119, 121.  Later that night, Leistner entered C.E.'s bedroom and asked her if she had checked for ticks.  *Id*. at 83; *State's Ex*. 3.  Leistner then told C.E. that he was going to check her body for ticks.  *Tr. Vol. 2* at 83-84; *State's Ex*. 3.  He pulled on her t-shirt and looked down her shirt.  *Tr. Vol. 2* at 84; *State's Ex*. 3.  He also looked at her legs and around the edge of her panties and told her that she had a tick "on her butt."  *Tr. Vol. 2* at 83; *State's Ex*. 3.  He then "started looking and touching

---

[3] Tracy testified that it was in 2015 or possibly 2014, that she "was not exactly positive when it was," but that she believed it was about one year before she moved out of Leistner's home, which she knew occurred on May 5, 2016, because she checked the lease on her apartment to confirm the date.  *Tr. Vol. 2* at 70-72.  The video taken on that day was date stamped May 9, 2015.  *State's Ex*. 3.

[her] in [her] private areas" with his hands. *Tr. Vol. 2* at 83. Leistner used his hands to touch her legs and "butt hole area," and for several minutes, he used his fingers to touch and manipulate the area around C.E.'s vagina and her anus, penetrating both her sex organ and her anus during his supposed search for ticks. *Tr. Vol. 2* at 83-84; *State's Ex.* 3. Leistner used his phone to record himself doing this to C.E. *Tr. Vol. 2* at 84, 124-25; *State's Ex.* 3. C.E. never saw a tick that day, and she was not aware that Leistner was recording her and did not give him permission to do so. *Tr. Vol. 2* at 86.

[5] In 2016, Nathan Leistner ("Nathan"), Leistner's nephew, was living in Leistner's home and found an SD card on top of the refrigerator. On the SD card, Nathan found a video of Leistner and C.E. that he recognized as being recorded inside C.E.'s bedroom in Leistner's home. *Id.* at 63-64. After viewing the video, Nathan took the SD card to the police. *Id.* at 64.

[6] On November 3, 2016, the State charged Leistner with two counts of Level 1 felony child molesting, three counts of Level 6 felony voyeurism, and one count of Class A misdemeanor public voyeurism. As originally filed, the charging information alleged, in pertinent part:

> **Count 1:** On or about May 9, 2015 in Dubois County, State of Indiana, . . . Leistner, a person of at least twenty-one (21) years of age, did knowingly or intentionally perform or submit to other sexual conduct as defined in Indiana Code Section 35-31.5-2-221.5 with a child under the age of fourteen years (14), to-wit: the defendant penetrated with his finger the female sex organ of C.E., whose date of birth is . . . 2002.

**Count 2**: On or about May 9, 2015 in Dubois County, State of Indiana, . . . Leistner, a person of at least twenty-one (21) years of age, did knowingly or intentionally perform or submit to other sexual conduct as defined in Indiana Code Section 35-31.5-2-221.5 with a child under the age of fourteen years (14), to-wit: the defendant penetrated with his finger the anus of C.E., whose date of birth is . . . 2002.

. . . .

**Count 6:** On or about May 9, 2015 in Dubois County, State of Indiana, . . . Leistner, without the consent of C.E. and with intent to peep at the private area of C.E., did knowingly or intentionally peep at the private area of C.E. and recorded an image by means of a camera.

*Appellant's App. Vol. 2* at 10-11.

[7] On October 18, 2017, a week before Leister's trial was scheduled to begin, the State filed a motion to amend the charges to allege that the crimes were committed "on or between July 13, 2012 and May 5, 2016." *Id*. at 114-16, 125-26. The trial court granted the motion the same day. The amended charges were filed the following day, and a hearing was held to advise Leistner of the new charges. *Id*. at 7, 125-26. At that hearing, after the charges had been amended and the amended charges read to Leistner, his counsel stated, "I guess we would object officially just for the record." *Tr. Vol. 2* at 27. He further stated that "changing those dates does kind of change how we would prepare for the matter since it opens up those dates." *Id*. The trial court acknowledged

Leistner's position but ordered that the case would proceed to trial on the amended charges. *Id.*

[8] A jury trial occurred on October 24 and 25, 2017, and evidence was heard on the two counts of Level 1 felony child molesting and on one count of Class A misdemeanor public voyeurism, which were the counts with C.E. as the victim. On the morning of the second day of trial, the State again moved to amend the charging information. *Id.* at 108. It sought to amend the dates of the offenses to allege that they occurred "on or between July 1, 2014 and May 5, 2016." *Appellant's App. Vol. 2* at 146-47. Leistner objected to the amendment based on the fact that he had prepared for trial and argued on the first day of trial based on the understanding of the existing date range contained in the amendment of October 18. *Tr. Vol. 2* at 108. The trial court granted the amendment and found that time was not an essential element of the charged offenses and that it did not believe the amended dates altered Leistner's defense in any way and might actually benefit him by narrowing the alleged time period. *Id.* at 108-09. The trial court then read the amended charges to Leistner and ensured that he understood them before continuing with the trial. *Id.* at 109-10.

[9] During the trial, Leistner requested that the jury be instructed on the offense of child molesting by touching or fondling a child with the intent to arouse or satisfy the sexual desire of the child or the defendant as a Level 4 felony. *Id.* at 132-34; *Appellant's App. Vol. 2* at 142-45. The State objected, asserting that the Level 4 felony offense is not a lesser-included offense of child molesting by other sexual conduct as charged in this case because the Level 4 felony offense

requires the proof of elements not required by the greater charge. *Tr. Vol. 2* at 133. Leistner argued that the State had opened the door to the instruction by presenting evidence about his intent regarding whether he intended to check C.E. for ticks or touched her for sexual purposes. *Id*. at 134. The State expressed doubt that it was possible for the State to open the door to instruction on an uncharged offense or that the trial court had the authority to instruct on the offense, which was not previously charged. *Id*. After this argument, the trial court found that Level 4 felony child molesting was not a factually or inherently included offense and denied Leistner's request for the jury instruction. *Id*. at 134-35.

[10] At the conclusion of the trial, the jury found Leistner guilty of two counts of Level 1 felony child molesting and one count of Class A misdemeanor public voyeurism. At sentencing, the trial court found as aggravating factors, Leistner's criminal history, that he had recently violated community corrections and probation conditions, that the harm to the victim was significant and greater than necessary to prove the offense, and that he had violated a position of trust he held with C.E. *Id*. at 194-95. The trial court gave the last factor the greatest weight. *Id*. at 195. The trial court found no mitigating factors and specifically declined to find as mitigating that Leistner's incarceration would cause an undue hardship to his dependents because Leistner had admitted that he was unemployed and using drugs prior to his arrest. *Id*. at 197.

[11] The trial court imposed a forty-year sentence for each of Leistner's Level 1 felony child molesting convictions and one year for his Class A misdemeanor

public voyeurism conviction. The trial court ordered the sentences to run concurrently for a total executed sentence of forty years. After pronouncing the sentence, the trial court declined to find Leistner to be a sexually violent predator, stating that it was "not inclined to find . . . Leistner a sexually violent predator as recommended by probation, in that I don't believe he qualifies pursuant to that definition." *Id.* at 197. Leistner now appeals, and the State cross-appeals.

## Discussion and Decision

## I. Amendment of Charging Information

[12] Leistner argues that the trial court erred when it allowed the State to amend the charging information to change the dates on which the crimes were alleged to have occurred. On November 3, 2016, the State originally charged Leistner, and all the pertinent charges alleged that the offense occurred on May 9, 2015. *Appellant's App. Vol. 2* at 10-11. On October 18, 2017, a week before Leister's trial was scheduled to begin, the trial court granted the State's motion to amend the pertinent charges to allege that the crimes were committed "on or between July 13, 2012 and May 5, 2016." *Id.* at 117, 125-26. On the morning of the second day of trial, the State again moved to amend the charging information to change the dates of the offenses to allege that they occurred "on or between July 1, 2014 and May 5, 2016," and the trial court granted the motion. *Id.* at 146-47; *Tr. Vol. 2* at 108-09.

[13] "'A charging information may be amended at various stages of a prosecution, depending on whether the amendment is to the form or to the substance of the original information.'" *Erkins v. State*, 13 N.E.3d 400, 405 (Ind. 2014) (quoting *Fajardo v. State*, 859 N.E.2d 1201, 1203 (Ind. 2007)), *cert. denied*, 135 S. Ct. 967 (2015). Whether an amendment to a charging information is a matter of form or substance is a question of law. *Id.* We review questions of law de novo. *Id.* (citing *State v. Moss-Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997)).

[14] Amendments to a charging information are governed by Indiana Code section 35-34-1-5. Subsection (b) provides, in pertinent part, that "[t]he indictment or information may be amended in matters of substance . . . before the commencement of trial [,] if the amendment does not prejudice the substantial rights of the defendant." Subsection (c) provides that "[u]pon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant."

[15] A defendant's substantial rights "include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights." *Gomez v. State*, 907 N.E.2d 607, 611 (Ind. Ct. App. 2009), *trans. denied*. Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges. *Id.*

(citing *Sides v. State*, 693 N.E.2d 1310, 1313 (Ind. 1998), *abrogated on other grounds by Fajardo v. State*, 859 N.E.2d. 1201 (Ind. 2007).

[16] The first challenged amendment occurred about one week before trial, and on the next day, at a hearing following the granted amendment, Leistner objected "for the record." *Tr. Vol. 2* at 27. However, he did not request a continuance to permit him to prepare for any change in his defense allegedly necessitated by the amendments. To preserve the issue for appeal, "the defendant must object to the request to amend, and if the objection is overruled, must request a continuance to prepare a new defense strategy." *Parks v. State*, 752 N.E.2d 63, 65 (Ind. Ct. App. 2001) (citing *Haak v. State*, 695 N.E.2d 944, 953 n.5 (Ind. 1998)). A defendant's failure to request a continuance after a trial court allows a pre-trial substantive amendment to the charging information over defendant's objection results in waiver." *Wilson v. State,* 931 N.E.2d 914, 918 (Ind. Ct. App. 2010), *trans. denied.* Therefore, Leistner waived his claim regarding the first challenged amendment to the charging information.

[17] Waiver notwithstanding, Leistner's challenges to the amendments are without merit. The dates alleged in the charging information were first amended from May 9, 2015, which was the date of the time-stamp on the video of the crimes, to a range of dates encompassing that date and beginning on January 13, 2012, C.E.'s tenth birthday, and ending on May 6, 2016, the date C.E. and her mother moved out of Leistner's home. The second amendment narrowed the time period so that it no longer encompassed two different statutes defining the offense, and it changed the beginning of the alleged time period forward to the

effective date of the statute defining child molesting as a Level 1 felony, July 1, 2014.

[18] The amendments changing the dates alleged were not amendments of substance and could be permitted at any time. An amendment is one of substance if it is essential to making a valid charge of the crime. *Erkins*, 13 N.E.3d at 406 (citing *Fajardo,* 859 N.E.2d at 1207). Indiana Code Section 35-34-1-2(a)(6) only requires that the charging information state the "time of the offense as definitely as can be done *if* time is of the essence of the offense." (emphasis added). Generally, "'time is not of the essence in the crime of child molesting.'" *Baber v. State*, 870 N.E.2d 486, 492 (Ind. Ct. App. 2007) (quoting *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992)), *trans. denied.* In child molestation cases, time is only of the essence if the victim's age at the time of the offense is near the dividing line between classes of felonies. *Love v. State*, 761 N.E.2d 806, 809 (Ind. 2002). Therefore, in the present case, the date of the offense was not essential to establish a valid charge for child molesting or public voyeurism.

[19] Because time is not of the essence, the State was "not required to prove the offense occurred on the precise date alleged [in the information]," but only that the offense was committed within the statute of limitations. *Blount v. State*, 22 N.E.3d 559, 569 (Ind. 2014) (citing *Neff v. State,* 915 N.E.2d 1026, 1032 (Ind. Ct. App. 2009), *trans. denied*). On all of the dates alleged by the State in the amended informations, C.E. was under the age of 14, and Leistner admitted at trial that she was under the age of fourteen at the time the video was recorded. *Tr. Vol. 2* at 124.

[20] Because the amendments were not of substance, they could be made at any time as long as they did not prejudice Leistner's substantial rights. A defendant's substantial rights are not prejudiced if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. *Gaby v. State*, 949 N.E.2d 870, 874 (Ind. Ct. App. 2011). The allegations, the evidence, and the theory of the case were the same at all relevant times in this case. Despite the amendments, the State consistently alleged that Leistner committed the charged offenses on a single day after he had taken C.E. mushroom hunting, which only occurred once in her life, and the offenses were recorded on a video that was time-stamped May 9, 2015. *Appellant's App. Vol. 2* at 10-11, 125-26, 146-47; *Tr. Vol. 2* at 71, 82, 90, 119. Although Leistner challenges the State's amendments because "the State had all the evidence it required to closely approximate the date(s) of any alleged criminal acts no later than . . . the date the police received the incriminating video," *Appellant's Br*. at 17, the same is true for Leistner because he also had the information necessary to closely approximate the date of the offenses. The date of the video was specified in the "Affidavit for Warrant for Arrest" that was filed with the original charges. *Appellant's App. Vol 2* at 16. Leistner was aware of the State's allegations and the evidence against him at all times, and the amendments did not change any of this.

[21] Leistner also asserts that the amendments prejudiced his substantial rights because different dates were read to the jury in the preliminary and final

instructions. In the preliminary instructions, the charged date range was read to the jury as being between January 13, 2012, and May 5, 2016. *Tr. Vol. 2* at 49-50. The third amendment, which occurred on the second day of trial, shortened that period to begin on July 1, 2014, but still end on May 5, 2016, and the final instructions reflected that change. *Id*. at 141-42. Leistner does not explain how this prejudiced him. Instead, he merely argues that an amendment made during trial was error if it was substantive. However, as discussed above, the amendment was not substantive, and there is no reason to find the change in preliminary and final instructions itself caused prejudice. The trial court explained to the jurors during final instructions that the dates had changed, that they need not concern themselves with why the dates had changed, and that they should deliberate based only on the allegations in the final instructions. *Id*. at 141. We presume that, when a jury is properly instructed, it followed the instructions given to them by the trial court. *Weisheit v. State*, 26 N.E.3d 3, 20 (Ind. 2015), *cert, denied*, 136 S. Ct. 901 (2016).

[22] The amendments altered the range of dates alleged in the charging information only, and at all times the range included the originally charged date of May 9, 2015. Because time was not of the essence in the charged offenses, the amendments changing the dates alleged were not amendments of substance and could be permitted at any time. Further, the amendments did not prejudice Leistner's substantial rights as they did not alter the State's allegations against Leistner or his theory of defense. We, therefore, conclude that the trial court did not err when it permitted the State to amend the charging information.

# II. Jury Instruction

[23] Leistner contends that the trial court abused its discretion when it refused to give his tendered jury instruction on Level 4 felony child molesting by touching or fondling ("the Level 4 felony"). He asserts that instruction should have been given because the Level 4 felony is both an inherently and a factually included lesser offense of Level 1 felony child molesting by other sexual conduct ("the Level 1 felony"). When determining whether the jury should be instructed on a lesser included offense of the crime charged, a trial court must perform a three-step analysis. *Galindo v. State*, 62 N.E.3d 1285, 1287 (Ind. Ct. App. 2016). First, the statute defining the crime charged must be compared with the statute defining the alleged lesser included offense to determine if the alleged lesser included offense is inherently included in the crime charged. *Id.* (citing *Wright v. State,* 658 N.E.2d 563, 566 (Ind. 1995)). Second, if a trial court determines that an alleged lesser included offense is not inherently included in the crime charged, then it must determine if the alleged lesser included offense is factually included in the crime charged. *Id.* at 1287-88. Third, if a trial court has determined that an alleged lesser included offense is either inherently or factually included in the crime charged, it must then look at the evidence presented in the case by both parties to determine if there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater. *Id.* at 1288. It is reversible error for a trial court not to give an instruction, when requested, on the

inherently or factually included lesser offense if there is such an evidentiary dispute. *Id.*

[24] Here, the trial court concluded that the Level 4 felony was not a lesser-included offense of the charged offenses and refused to give Leistner's tendered instruction. Leistner argues that the Level 4 felony is a lesser-included offense of the Level 1 felony because it is contained in the same statute. "While child molesting by fondling or touching is a lesser offense than child molesting by deviate sexual conduct [or penetration] in terms of sentencing, it is neither inherently nor factually *included* in the greater offense and is in fact an entirely separate offense." *Adcock v. State*, 22 N.E.3d 720, 729 (Ind. Ct. App. 2014) (citing *Downey v. State*, 726 N.E.2d 794, 799 (Ind. Ct. App. 2000), *trans. denied*), *trans. denied*. The two offenses are not inherently included offenses because each offense contains an element not required by the other. *Downey*, 726 N.E.2d at 799. Leistner was charged with child molesting by committing other sexual conduct and was alleged to have knowingly or intentionally penetrated C.E.'s sex organ and her anus with an object, specifically his finger. *Appellant's App. Vol. 2* at 10-11; *see also* Ind. Code § 35-31.5-2-221.5 (defining other sexual conduct to mean "an act involving . . . the penetration of the sex organ or anus of a person by an object"). A conviction for child molesting by fondling or touching would not require proof of penetration by Leistner, but it would require proof that he touched C.E. with the intent to arouse or satisfy his or her sexual desires, which is an element of specific intent that is not required to prove the Level 1 felony. Ind. Code § 35-42-4-3(a) and (c); *see also D'Paffo v.*

*State*, 778 N.E.2d 798, 803 (Ind. 2002) ("We conclude that the elements of the crime of child molesting under [Indiana Code section] 35-42-4-3(a) do not include the intent to arouse or satisfy sexual desires.").

[25] The Level 4 felony is also not a factually included offense of the Level 1 felony. The State "can foreclose instruction on an offense that is not inherently included but potentially factually included 'by omitting from a charging instrument factual allegations sufficient to charge the lesser offense.'" *Downey*, 726 N.E.2d at 799 (quoting *Wright,* 658 N.E.2d at 570). Here, the State did not allege facts in the charging information that would satisfy the elements of the Level 4 felony. The charging information did not contain any allegations that Leistner had the intent to arouse or satisfy sexual desires, and therefore, the Level 4 felony was not factually included in the charged Level 1 felony offense. The trial court did not abuse its discretion when it refused to give Leistner's tendered instruction on his claimed lesser-included offense.

## III. Double Jeopardy; Continuous Crime Doctrine

[26] Leistner initially argues that his two convictions for Level 1 felony child molesting violate double jeopardy. The Indiana Supreme Court has held that "two or more offenses are the 'same offense' in violation of Article I, section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State,* 717 N.E.2d 32, 49 (Ind. 1999).

Leistner focuses his constitutional argument on the actual evidence test. In applying this test, a defendant must demonstrate, and a reviewing court must conclude, that there is a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of an offense for which the defendant was convicted or acquitted may also have been used to establish all the essential elements of a second challenged offense. *Anthony v. State*, 56 N.E.3d 705, 715 (Ind. Ct. App. 2016) (citing *Hines v. State,* 30 N.E.3d 1216, 1222 (Ind. 2015)), *trans. denied.* In determining the facts used by the factfinder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel. *Id.* (citing *Lee v. State,* 892 N.E.2d 1231, 1234 (Ind. 2008); *Spivey v. State,* 761 N.E.2d 831, 832 (Ind. 2002)). "The 'reasonable possibility' standard 'requires substantially more than a logical possibility' and 'turns on a practical assessment of whether the jury may have latched on to exactly the same facts for both convictions.'" *Id.* at 716 (quoting *Lee,* 892 N.E.2d at 1236). The Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense. *Henson v. State*, 86 N.E.3d 432, 437 (Ind. Ct. App. 2017) (citing *Spivey*, 761 N.E.2d at 833).

[27] Leistner contends that the actual evidence presented at trial did not establish that the essential elements of one Level 1 felony offense may not have also been used to establish the essential elements of the second Level 1 felony offense. Leistner claims that C.E.'s testimony alters the outcome because she did not

specifically testify about the element of penetration; however, he does not explain how that would have led the jury to conflate the two distinct charges. *Appellant's Br*. at 28-29. He also asserts that the trial court's final instructions did not differentiate between the body parts violated and that looking at the charging information, instructions, and the State's argument, there is a reasonable possibility that the evidentiary facts used by the jury to establish the essential elements of one count of Level 1 felony may also have been used to establish the elements of the second count.

[28] The charging information in this case alleged that in Count I, Leistner did knowingly or intentionally perform or submit to other sexual conduct with a child under the age of fourteen years by penetrating the female sex organ of C.E. with his finger. Count II alleged that Leistner did knowingly or intentionally perform or submit to other sexual conduct with a child under the age of fourteen years by penetrating the anus of C.E. with his finger. *Appellant's App. Vol. 2* at 146-47. At trial, evidence was presented that, after returning from mushroom hunting with C.E., Leistner entered C.E.'s bedroom and asked her if she had checked for ticks. *Id*. at 83; *State's Ex*. 3. Leistner told C.E. that he was going to check her body for ticks, and after looking at her legs and around the edge of her panties, Leistner told C.E. that she had a tick "on her butt." *Tr. Vol. 2* at 83; *State's Ex*. 3. He then "started looking and touching [her] in [her] private areas" with his hands. *Tr. Vol. 2* at 83. Leistner used his hands to touch her legs and "butt hole area," and for several minutes, he used his fingers to touch and manipulate the area around C.E.'s vagina and her anus, penetrating

both her sex organ and her anus during his claimed search for ticks. *Tr. Vol. 2* at 83-84; *State's Ex.* 3. Leistner used his phone to record himself doing this to C.E. *Tr. Vol. 2* at 84, 124-25; *State's Ex.* 3.

[29] Additionally, contrary to Leistner's contention, during final instructions the trial court specifically instructed the jury on the allegations contained in each count. *Tr. Vol. 2* at 140-41. The jury was specifically instructed that Count I alleged that "Defendant penetrated with his finger, the female sex organ of C.E." and that Count II alleged that "Defendant penetrated with his finger, the anus of C.E." *Id*. at 140. The State also presented detailed argument regarding the element of penetration in each count, specifically clarifying to the jury that Count I required that it find that Leistner penetrated C.E.'s sex organ and that Count II required that it find that he penetrated C.E.'s anus. *Id*. at 155-59. The State further made clear the distinction between the two charges, stating that, "Everything is exactly the same except for, well, what did he penetrate. Count I, it was the sex organ of [C.E.]. Count II it's the anus of [C.E.]." *Id*. at 158. We, therefore, conclude that each offense was established by separate and distinct facts. Leistner's convictions for two counts of Level 1 felony child molesting did not violate double jeopardy.

[30] Leistner next argues that his convictions for two counts of Level 1 felony child molesting violate the continuous crime doctrine. He contends that C.E.'s testimony established that "Leistner touched her and the offense was continuous." *Appellant's Br*. at 30. Leistner maintains that there was no evidence that his act of touching C.E. "was 'terminated by a single act or fact'"

and that the two acts 'subsisted for a definite period'" and were successive and similar. *Id.* He, therefore, asserts that his conduct amounted to only a single chargeable crime and not two.

[31] The continuing crime doctrine establishes that actions that are sufficient to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. *Pugh v. State*, 52 N.E.3d 955, 970 (Ind. Ct. App. 2016) (citing *Riehle v. State,* 823 N.E.2d 287, 296 (Ind. Ct. App. 2005), *trans. denied*), *trans. denied.* The doctrine involves those instances where a defendant's conduct amounts to only a single, chargeable crime such that the State is prevented from charging a defendant twice for the same offense. *Id.*

[32] Here, the State charged Leistner with two distinct crimes – one involving the penetration of C.E.'s sex organ and one involving the penetration of C.E.'s anus. Leistner argues that because both offenses occurred in a relatively short period of time and were similar in nature, his continuous actions should prevent him from being convicted of two crimes. However, "the purpose of the continuing crime doctrine is to prevent the State from charging a defendant twice for the same continuous offense." *Firestone v. State*, 838 N.E.2d 468, 472 (Ind. Ct. App. 2005). Even when committed in close succession, two distinct sex acts are separate and distinct crimes not subject to the continuous crime doctrine. *See id.* (holding crimes of rape and criminal deviate conduct were not continuous but separate and distinct crimes where defendant raped victim then forced her to perform oral sex on him afterward). The continuity of Leistner's

actions – penetrating C.E.'s sex organ and her anus in the span of several minutes – does not negate that fact that the acts were completely separate offenses accomplished by separate actions. The continuous crime doctrine did not apply to Leistner's two child molesting convictions.

## IV. Inappropriate Sentence

[33] Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We independently examine the nature of Leistner's offense and his character under Appellate Rule 7(B) with substantial deference to the trial court's sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*. Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Leistner bears the burden of persuading this court that his sentence is inappropriate. *Id.*

[34]     Leistner argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. As to the nature of his offenses, Leistner contends that, although heinous, the child molesting offenses do not allege facts in excess of those necessary to prove the crime and that the evidence does not contain extraordinary circumstances. *Appellant's Br.* at 35. As to his character, Leistner asserts that the mitigating factors he presented to the trial court offset his criminal history and support that his sentence should be revised. These mitigating factors include that (1) Leistner suffers from alcohol and drug problems, (2) it is not conclusive that he would not affirmatively respond to probation or short-term imprisonment, (3) long-term imprisonment will result in undue hardship to his children, (4) he has no history of sex-related crimes or impermissible sexual acts, and (5) he acknowledged the wrongfulness of his acts and expressed remorse.

[35]     When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015); *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). Leistner was convicted of two counts of Level 1 felony, and the advisory sentence for a Level 1 felony conviction is thirty years, with a range of between twenty and forty years. Ind. Code § 35-50-2-4(b). Leistner was also convicted of a Class A misdemeanor, for which a person shall be imprisoned for a fixed term of not more than one year. Ind. Code § 35-50-3-2. Leistner received a sentence of forty years for each of his Level 1 felony convictions and a sentence of one year

for his Class A misdemeanor conviction, with the sentences ordered to run concurrently for an aggregate, executed sentence of forty years.

[36] As this court has recognized, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Here, Leistner entered C.E.'s bedroom under the guise of checking her for ticks and then proceeded to spend several minutes touching, fondling, and ultimately penetrating both her sex organ and her anus. As the trial court found, Leistner's actions were made more egregious by the fact that he exploited the position of trust he held with C.E. as he had been a father figure living with her since she was three years old. Leistner's actions in violating C.E. were made more horrific in that he recorded his actions without her knowledge or consent. We do not find that Leistner's sentence is inappropriate in light of the nature of the offenses.

[37] The character of the offender is found in what we learn of the offender's life and conduct. *Perry*, 78 N.E.3d at 13. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). The evidence presented at Leistner's sentencing showed that, even though he was only thirty-six years, Leistner had an extensive criminal history that included eight misdemeanors convictions and one felony conviction. It was also shown that Leistner had used numerous illegal drugs, misused and illegally obtained prescription medications, and had a history of alcohol-related arrests. Around the time of his crimes in this case,

he was still drinking alcohol, using methamphetamine and marijuana, and abusing opiates and illegally obtained morphine. *Appellant's App. Vol. 2* at 164. His history of criminal activity and failure to address his substance abuse problems do not reflect well on his character.

[38] Additionally, as previously stated, this crime involved the violation of a position of trust that Leistner held with C.E. The commission of these offenses and the violation of the father-figure role that he had played in C.E.'s life since she was very young, reflect poorly on Leistner's character and do not support that his sentence is inappropriate. Further, although Leistner claimed to appreciate the seriousness of his offenses, in a letter written to the trial court, he stated that he has "never harmed a child nor would [he.]" *Id*. at 153. However, his actions of violating C.E. and recording his conduct did harm C.E. We, therefore, conclude that in looking at Leistner's character and the nature of his offenses, his sentence is not inappropriate.

## V. Cross-Appeal

[39] The State cross-appeals and contends that the trial court erred in refusing to find Leistner to be a sexually violent predator. The State asserts that the trial court could not find that Leistner was not a sexually violent predator because, under the applicable statute, the trial court did not have any discretion in making such a determination as Leistner meets the statutory definition by operation of law. We agree.

[40]    At sentencing, without explaining its reasoning, the trial court stated that it would not find Leistner to be a sexually violent predator, stating "I don't believe he qualifies pursuant to that definition." *Tr. Vol. 2* at 197. However, under Indiana Code section 35-38-1-7.5, a person who, being at least eighteen (18) years of age, commits an offense described in: . . . [Indiana Code section] 35-42-4-3 as a . . . Level 1 . . . felony . . . *is* a sexually violent predator." Ind. Code § 35-38-1-7.5(b)(1)(C) (emphasis added). Leistner was convicted of two counts of Level 1 felony child molesting under Indiana Code section 35-42-4-3. Sexually violent predator status "under Indiana Code section 35-38-1-7.5(b) is determined by the statute itself." *Lemmon v. Harris*, 949 N.E.2d 803, 815 (Ind. 2011). It is not the result of a discretionary act by the trial court or by the Department of Correction. *See id*. If a person is convicted of one of the enumerated crimes in the statute, he is a sexually violent predator *per se*, and there is no need for a hearing or any other process to determine if he meets the statutory definition. *See Vickery v. State*, 932 N.E.2d 678, 683 (Ind. Ct. App. 2010) (holding that a defendant who had been convicted of a qualifying crime under the statute had no due process right to a hearing to try to prove that he did not meet the definition); *see also Lemmon*, 949 N.E.2d at 808 (stating that the legislature had changed the statute from requiring the court to determine sexually violent predator status at the sentencing hearing to the automatic designation of sexually violent predator status and that at the time the defendant was released from prison in December 2007, the sentencing court was no longer required to have determined a person's status as a sexually violent predator); *Stockert v. State*, 44 N.E.3d 78, 82 (Ind. Ct. App. 2015)

(finding that, because the defendant was convicted of a qualifying offense, he was a sexually violent predator by operation of law), *trans. denied*.

[41] Here, Leistner was convicted of two crimes that each qualify him *per se* as a sexually violent predator under the statute. Leistner was convicted of two counts of Level 1 felony child molesting. Therefore, he is a sexually violent predator by operation of law, and the trial court was required by statute to find him as such. Therefore, we conclude that the trial court erred when it refused to find Leistner to be a sexually violent predator and remand the case to the trial court to correct this error and enter a finding that Leistner is a sexually violent predator.[4]

[42] Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Riley, J., concur.

---

[4] We note that Leistner contends that the State has waived this issue for failure to object to the trial court, arguing that "a party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court." *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). However, our Supreme Court had held that "sound policy and judicial economy favor permitting the State to present claims of illegal sentence on appeal when the issue is a pure question of law that does not require resort to any evidence outside the appellate record." *Hardley v. State*, 905 N.E.2d 399, 403 (Ind. 2009). Here, the State's claim of trial court error in sentencing Leistner is a question of law because the trial court was mandated by statute to find Leistner to be a sexually violent predator.